THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA THOMAS | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 23 C 14073 |
| | ) | |
| v. | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| | ) | |
| WALMART INC. | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Walmart Inc.'s Motion for Summary Judgment. (Dkt. 32). In October 2021, Plaintiff Lisa Thomas slipped and fell at a Walmart in Olympia Fields, Illinois. Thomas filed a negligence suit against Walmart in the Circuit Court of Cook County, Illinois seeking damages for personal injuries she suffered because of the accident. Walmart removed the proceedings to this Court. Now, Walmart moves for summary judgment, claiming there is no genuine issue of material fact that Walmart caused any liquid to accumulate on its floor, which caused Thomas to slip; Walmart also contends that it lacked requisite notice of any substance on the floor, which would trigger liability. For the following reasons, the Court grants Walmart's Motion [32].

## BACKGROUND

### I.     Thomas's Failure to Comply with the Local Rule 56.1

Before the Court considers the substance of Walmart's Motion, the Court must first address a significant procedural issue that informs aspects of the Court's decision. Thomas's Statement of

1

Additional Facts and Response to Walmart's Statement of Material Facts failed to comply with Local Rule 56.1. (Dkt. 37). In relevant part, Local Rule 56.1 states:

> Each party opposing a motion filed pursuant to Fed.R.Civ.P. 56 shall serve and file—
>
> . . .
>
> (3) a concise response to the movant's statement that shall contain:
>
> > (A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and
> >
> > (B) a response to *each numbered paragraph* in the moving party's statement, *including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon*, and
> >
> > (C) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, *including references to the affidavits, parts of the record, and other supporting materials relied upon*. Absent prior leave of Court, a respondent to a summary judgment motion shall not file more than 40 separately-numbered statements of additional facts. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

(emphasis added).

Based on the documents she submitted to the Court, Thomas did not even attempt to comply with the rule. (*See* Dkt. 37; Dkt. 38). Her statement of additional facts never even references Walmart's statement of material facts. (Dkt. 37). Instead, Thomas merely provides a list of alleged facts—with caselaw bespeckled throughout the document—without ever addressing the veracity of Walmart's version of events. (*See* Dkt. 34; Dkt 37). This makes it exceedingly difficult for the Court to identify when Thomas is advancing a legal argument as opposed to disputing a material fact.

Such a scenario is precisely what Local Rule 56.1 seeks to avoid. *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 414–15 (7th Cir. 2019) ("Local Rule 56.1 does not provide an exception for cases in which some conflicting evidence exists in the periphery, evidence that the

district court should have (somehow) clued itself to."); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in [the record]."). Reading Thomas's statement of additional facts in conjunction with Walmart's statement of material facts (which did comply with the Local Rules), it is not even immediately clear where any factual disputes exist. (*See generally* Dkt. 37; Dkt. 34). Further, in Thomas's Response brief, she cites no evidence; instead, she merely attaches several photographs and short witness statements without context or explanation. (Dkt. 38).

While the Court does its best to sift through the exhibits to determine whether factual disputes exist, because Thomas failed to submit material in accordance with LR 56.1, she is deemed to have admitted the facts asserted by Walmart. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (the Seventh Circuit has "consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission"); *see also McDaniel v. Syed*, 2024 WL 4197357, at *3 (7th Cir. Sept. 16, 2024) (district courts "may require strict compliance with their local rules," and enforcing such rules in the event of non-compliance is not an abuse of discretion); *Smith v. Schield*, 2016 WL 851987, at *1 (N.D. Ill. Mar. 4, 2016) (same).

**II.     Thomas's Request to Obtain Further Discovery and Objection to Deanna Brown's Unverified Witness Statement**

Next, the Court addresses Thomas's Federal Rule 56 (d)(c)(3) request to allow additional discovery. (Dkt. 43). Thomas requests additional time to obtain testimony from Deana Brown, a witness Thomas claims would help to defeat Walmart's Motion by showing Walmart was aware of the liquid before Thomas slipped. (Dkt. 43 at 2).

Rule 56(d) provides that if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain

affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56. "[A] court need not delay decision on a summary judgment motion to allow time for discovery on an obviously meritless claim or defense." *Smith v. OSF HealthCare System*, 933 F.3d 859, 864–65 (7th Cir. 2019) (citing *Arnold v. Villarreal*, 853 F.3d 384, 389 (7th Cir. 2017)). The Seventh Circuit has stated that a properly supported Rule 56(d) motion may be denied based upon "(1) the moving party's failure to pursue discovery diligently before the summary judgment motion, or (2) the apparent futility of the requested discovery." *Smith*, 933 F. 3d at 866.

The procedural history demonstrates that Thomas failed to diligently pursue discovery as it relates to Brown. On February 28, 2024, the Court held an initial status conference, at which it scheduled fact discovery would close August 30, 2024. (Dkt. 16). The Court extended that deadline to October 23, 2024, after the parties both sought more time to complete discovery. (Dkt. 25). In August 2024, in an answer to interrogatories, Thomas stated she had no witness statements besides her own. (Dkt. 34-2 ¶ 14, Plaintiff's Answers to Defendant's Interrogatories). The Court extended fact discovery again and ordered it closed by January 10, 2025. (Dkt. 26). Finally, on January 23, 2025, Thomas produced Brown's witness statement. The statement was dated January 3, *2022*. (Dkt. 43-2, Deanna Brown Witness Statement). This means that, contrary to her claim, (Dkt. 43 ¶ 3), Thomas had Brown's statement for over three years, attested to the fact that she had no witness statement besides her own, and supplied Brown's statement for the first time 13 days after discovery closed. This counsels against reopening discovery. *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1082 (7th Cir. 2016) ("A party who fails to comply with deadlines related to discovery or otherwise forestalls prosecution of their own case is not entitled to seek additional discovery when the opposing side moves for summary judgment.").

4

Additionally, the movant must provide a "compelling argument why discovery should be continued," which Thomas has not done. *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 318 (7th Cir. 2003). Thomas provides a four-paragraph declaration and seven-line affidavit from her attorney. (Dkt. 43). She provides no support for any of her assertions, which explain why she could not have reached Deanna Brown earlier. (Dkt. 43-1 ¶ 3 – Plaintiff's Rule 56(d) Affidavit). The affidavit merely states that counsel's emails to Brown had "bounced back," and therefore, Thomas's attorney could not get in touch with her. (*Id.*) The same goes for the attorney's statements about his apparently "failed" telephone calls to Brown; Thomas offers nothing to substantiate this claim. (*Id.* at ¶ 4). Because Thomas has not provided a sound explanation as to why Thomas could not obtain a statement from Brown during discovery—which lasted 15 months—the Court denies her Motion to Re-open Discovery. (Dkt. 43). *See Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002) (declining to re-open discovery where discovery had been extended multiple times and information was available to movant who was not diligent in conducting discovery).

The Court also sustains Walmart's Objection to Brown's unverified statement because it is inadmissible hearsay. (Dkt. 41 ¶ 7; Dkt. 38-6, Deanna Brown Witness Statement). Under Federal Rule of Evidence 801, hearsay "is a statement, other than one made by the declarant . . . offered in evidence to prove the truth of the matter asserted." *Baron v. City of Highland Park,* 195 F.3d 333, 339 (7th Cir.1999). Hearsay statements are inadmissible unless an exception applies. Fed. R. Evid. 802.

Thomas contends that Brown's statement falls under the Rule 803(1) exception—present sense impression. (Dkt. 37 at 3). "There are three criteria for the admission of statements under Rule 803(1): '(1) the statement must describe an event or condition without calculated narration;

5

(2) the speaker must have personally perceived the event or condition described; and (3) the statement must have been made while the speaker was perceiving the event or condition, or immediately thereafter.' *Schindler v. Seiler*, 474 F.3d 1008, 1011 (7th Cir. 2007) (quoting *United States v. Ruiz*, 249 F.3d 643, 646 (7th Cir. 2001).

Here, at least the first and third criteria are not met. Brown's statement appears to be a calculated narration: she writes that "Walmart is totally @ fault because nothing was set in place to avoid what happen[ed.]" (Dkt. 38-6 at 2). Additionally, Brown allegedly authored her witness statement on January 2, 2022, 87 days after Thomas fell. (*Id.* at 1). This reduces its evidentiary value because Brown did not make the statement when she allegedly witnessed the event. *United States v. Parker*, 936 F.2d 950, 954 (7th Cir. 1991) ("The underlying rationale of the present sense impression exception is that substantial contemporaneity of event and statement minimizes unreliability due to defective recollection or conscious fabrication.") (citations omitted).

Accordingly, Brown's statement is inadmissible hearsay, and the present-sense impression exception does not apply.

### III. Facts

With these rulings in mind, the Court turns to the facts: On October 7, 2021, Thomas went to Walmart to shop. (Dkt. 34 ¶ 10). It had been raining that day. (*Id.* ¶ 34). Thomas had completed shopping and was going to pay at self-checkout when she slipped and fell. (*Id.* ¶ 11; Dkt. 36 at 7:10, Surveillance Footage 1). Thomas did not see the liquid that allegedly caused her to fall before slipping and did not see anything that could have caused the liquid that allegedly caused her to fall to be on the floor. (Dkt. 34 ¶¶ 12, 20). She did, however, see a colorless and odorless liquid on the floor after she fell. (*Id.* at ¶ 13). This incident left Thomas with injuries to her wrist, knee, and left side. (Dkt. 37 ¶ 12; Dkt. 34-1 at 31:3–23, Exhibit A – Deposition of Lisa Thomas).

Surveillance footage shows Thomas falling at the entrance of the self-checkout area. (Dkt. 36-1 at 7:10). About four minutes before the accident, at 10:33:20 AM, a customer opened and shook her umbrella in the same area where Thomas fell. (Dkt. 34 ¶ 26; Dkt. 36-2 at 10:33:20 AM, Surveillance Footage 2). In the minutes following the woman shaking her umbrella, but prior to Thomas's fall, surveillance footage shows at least nine other customers walking directly through the area where Thomas fell without slipping. (Dkt. 34 ¶ 27; Dkt 36-2 at 10:33:20–10:37:30).

Walmart assistant manager, Lynda Tolbert, took photos of the area after Thomas slipped. (Dkt. 34-5 at 29:16–17, Deposition of Lynda Tolbert). Tolbert did not see Thomas fall.[1] (*Id.* at 42:7–9). Tolbert testified there were no ceiling leaks at Walmart on October 7, 2021. (Dkt. 34-5 at 27:16–28:6).

Thomas claims that Walmart allowed a liquid to accumulate on its floor; the floor became wet and slippery, and this caused Thomas to slip and fall. (Dkt. 1, Exhibit A – Plaintiff's Complaint). Walmart argues that it neither caused the liquid to be on the ground, nor had any notice of its existence at the time of the accident. (Dkt. 33 at 2–3).

## **LEGAL STANDARD**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see, e.g., Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 485 (7th Cir. 2019). The parties genuinely dispute a material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Daugherty v. Page*, 906 F.3d 606, 609–10 (7th Cir. 2018)

---

[1] Thomas claims that Tolbert's testimony is "seriously undercut" because, in her October 7, 2021, incident report, she stated that she "didn't see anything" but at her deposition, she claims to have seen a puddle of water where Thomas fell. (Dkt. 37 at 2–3). This argument is meritless. The full quote from Tolbert's incident report is: "The customer stated that she fell but i didn't see anything i just responded to the code white[.]" (Dkt. 38-2 at 1, Linda Tolbert's Incident Report). Thus, it is not at all inconsistent for Tolbert to testify that she did not see the fall, but subsequently, saw a puddle when responding to the incident.

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (citation omitted). The Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in his favor." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.*

## DISCUSSION

Thomas claims Walmart is liable for Thomas's injuries under theories of premises liability and ordinary negligence. (Dkt. 37 at 1–2). Walmart moves for summary judgment on both claims. (Dkt. 32).

### I. Premises Liability

In Illinois,[2] "[a] possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he knows *or* by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees . . . and fails to exercise reasonable care to protect them against the danger." *Madden v. Paschen,* N.E.2d 1203, 1213–14 (Ill. App. 2009) (emphasis added); *see also Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (underscoring plaintiff must show the dangerous condition caused the harm). Put differently, to maintain a premises liability claim, a plaintiff must demonstrate that the defendant knew about a condition on its premises causing an

---

[2] Because the Court is sitting in diversity jurisdiction, (Dkt. 1 ¶ 1), Illinois tort law governs. *See Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016).

8

"unreasonable risk of harm" to its customers, *or* that the defendant would have discovered such a condition by the exercise of reasonable care. *See, e.g., Gentry v. Shop'n Save Warehouse Foods, Inc.,* 708 F.Supp.2d 733, 736–37 (C.D. Ill. 2010) ("The landowner must know of the condition or would have discovered the condition through the exercise of reasonable care."). These requirements are known as actual and constructive notice. *See Barrios v. Fashion Gallery, Inc.*, 255 F. Supp. 3d 728, 731 (N.D. Ill. 2017) (collecting Illinois cases).

Walmart argues that there is no genuine dispute that it did not have actual or constructive notice of the liquid, which allegedly caused Thomas to slip—in other words, that it neither knew or should have known of the liquid's existence. (Dkt. 33 at 5). Thomas argues that Walmart had both constructive and actual notice of the liquid. (Dkt. 54 at 6). To demonstrate this, Thomas relies mainly on the unverified, inadmissible statement from Deanna Brown. (Dkt. 37 at 3).

    a. **Actual Notice**

Actual knowledge only exists "where there is evidence that the defendant or its employee had been notified of the dangerous condition" prior to the plaintiff's fall. *Haslett v. United Skates of Am., Inc.*, 136 N.E.3d 172, 185 (Ill. App. Ct. 2019). It is unclear why Thomas contends that it "can be inferred" that Walmart had actual notice. (Dkt. 37 at 3). In her two short filings responding to Walmart's summary judgment motion, (Dkt. 37; Dkt. 38), Thomas presents zero evidence that Walmart had actual notice of any liquid on the ground. Thomas merely states that "no Walmart employee inspected or cleaned up the area" after liquid had been videoed on the ground for "4–10 minutes." (Dkt. 37 at 3).

Not only does the video not show any liquid on the ground, even if it did, this alone would be insufficient to establish that Walmart had actual notice under Illinois law. Legally, the term means exactly what it sounds like: to establish actual knowledge, Thomas must offer some

evidence that Walmart was, in fact, "aware" of the condition. *See e.g., Albert v. Bank of Am., N.A.*, 2016 WL 559183, at *8 (N.D. Ill. Feb. 9, 2016); *Olivarius v. Tharaldson*, 695 F. Supp. 2d 824, 832 (N.D. Ill. 2010). Because Thomas presents zero evidence, which puts into dispute whether Walmart had actual knowledge of the liquid on the ground before Thomas fell, this argument fails.

### b. Constructive Notice

Unlike actual notice, a property owner "has *constructive* notice of all conditions discoverable by reasonable inspection of the premises." *Lombardo v. Reliance Elevator Co.*, 315 Ill. App.3d 111, 120 (1st Dist. 2000). "Constructive notice can be established in Illinois by two paths: 'by presenting evidence that the dangerous condition was present for a sufficient length of time such that in the exercise of ordinary care its presence should have been discovered, or by showing that the dangerous condition was part of a pattern of conduct or a recurring incident.' " *Cruz v. Costco Wholesale Corp.*, 134 F.4th 984, 987 (7th Cir. 2025) (quoting *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1037 (7th Cir. 2016). Thomas makes no arguments that the liquid, which allegedly caused her to slip, was part of a pattern of conduct or recurring incident; instead, she contends the dangerous condition existed for enough time to put Walmart on constructive notice. (Dkt. 54 at 6).

Thus, the only issue is whether Walmart should have noticed the liquid because it was present for enough time. *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 650 (7th Cir. 2014). Though there is no bright-line rule on what "enough time" means, the substance must have been present long enough so that in the exercise of ordinary care, Walmart would have discovered it. *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008); *Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 651–52 (7th Cir. 2001).

The Court of Appeals' recent decision in *Cruz* helped clarify how much time needs to have elapsed to put a defendant on notice. F.4th at 987. In *Cruz*, the Court explained that the determinative evidentiary fact that the defendant in that case (Costco) was plausibly on constructive notice of a fruit smoothie puddle on the ground was a 28-minute video of the scene before and after the fall. 134 F.4th at 987. The Court stated that where a plaintiff establishes that there is liquid on the ground, a 28-minute video showing that no employee cleaned up the spill establishes that defendant was on constructive notice. *Id.* In other words, 28 minutes is long enough such that in the exercise of ordinary care, Costco should have discovered the spill. Moreover, the Court elaborated that this contrasts with its previous decision, *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644 (7th Cir. 2014), in which the Court affirmed a district court's granting summary judgment in favor of defendant Walmart because video evidence only established that a spill had taken place a few minutes before the plaintiff fell. *Cruz*, F.4th at 988.

Here, because of the dearth of evidence establishing how long water had been present on the ground, the case is more like *Zuppardi* than *Cruz*. In *Zuppardi*, a woman sued Walmart after she slipped in a puddle while shopping at the store. 770 F.3d at 651. The Court of Appeals affirmed the district court's grant of summary judgment "because the testimony established 'only that the spill had occurred at least a few minutes before the accident, and there [was] no basis in the record for estimating how much earlier the spill might have taken place.' " *Cruz*, F.4th at 988 (quoting *id.* at 651).

The only evidence in this case that even arguably establishes when the liquid, which allegedly caused Thomas to slip, appeared on the floor is the woman who shook her umbrella. (Dkt. 34 ¶ 26; Dkt. 36-2 at 10:33:20 AM). This occurred approximately four minutes before Thomas slipped. (*Id.* at 10:37:30). The very short period between the woman shaking her umbrella

11

and Thomas's fall makes this case more like *Zuppardi* where the evidence merely established that a spill had occurred several minutes before. 770 F.3d at 651. Because this is the only evidence which gives any indication of when the liquid accumulated on the floor, it is insufficient to have put Walmart on constructive notice.

Without more, Thomas fails to establish a triable issue as to whether Walmart has actual or constructive notice. *See Barrios*, 255 F. Supp. at 731. Accordingly, Thomas's premises liability claim fails.

## II.     Ordinary Negligence

While it is far from clear, construing the record in Thomas's favor, she also makes a claim against Walmart under a theory of ordinary negligence.[3] Unlike premises liability, notice is not required for an ordinary negligence claim. *See Reed v. Wal-Mart Stores, Inc.*, 298 Ill. App. 3d 712, 715 (1998) ("a plaintiff does not need to prove actual or constructive notice when she can show the substance was placed on the premises through the defendant's negligence."); *see also McMillan v. Walmart Inc.*, 2022 WL 16696264, at *4 (N.D. Ill. Nov. 3, 2022) ("In Illinois, ordinary negligence and premises liability are distinct claims with distinct elements."). To prove ordinary negligence in Illinois, a plaintiff must show that a defendant owed a duty of care, that the duty was breached, and that the breach caused the injuries. *Bruns v. City of Centralia*, 21 N.E.3d 684, 688–89 (Ill. 2014). Thomas would have to prove all the forgoing elements at a trial; accordingly, at summary judgment, Walmart prevails if it shows even that Thomas cannot prevail on any one of the elements. *See Keedi v. Menard, Inc.*, 2021 WL 5759272, at *2 (N.D. Ill. Dec. 3, 2021).

---

[3] Thomas does not make clear in her Complaint or her Response to Walmart's Motion whether she is making an ordinary negligence claim. Almost all her arguments suggest her focus is on premises liability. (*See* Dkt. 37; Dkt. 38). Indeed, the only reference, which seems to relate to ordinary negligence, is in one two sentence paragraph in her Statement of Additional Facts. (*See* Dkt. 37 at 2).

Though a storeowner owes a duty to its customers to keep the store's floor "reasonably safe" by cleaning the floor, *Torrez v. TGI Friday's, Inc.*, 509 F.3d 808, 810 (7th Cir. 2007), Thomas makes no arguments that Walmart breached any duty. (*See* Dkt. 37; Dkt. 38). Instead, her briefs focus almost entirely on the premises liability claim. (*Id.*) While in her complaint, Thomas alleges generally Walmart "failed keep an adequate inspection program," (Dkt. 1-1 at ¶ 6(i)), Thomas presents no actual evidence that Walmart's inspection policies put customers at risk. She also provides neither direct nor circumstantial evidence that Walmart caused the liquid to accumulate, which caused Thomas to slip. Likewise, she makes no arguments that Walmart breached a duty in her response brief to Walmart's Motion. (*See* Dkt. 37).

Accordingly, because Thomas presents no evidence that Walmart breached its duty of care, the Court grants Walmart's summary judgment motion as to Thomas's ordinary negligence claim. *See Raube v. Am. Airlines, Inc.*, 539 F. Supp. 2d 1028, 1036 (N.D. Ill. 2008) (granting summary judgment because plaintiff offered no evidence that defendant breached its duty of care).

## CONCLUSION

For the forgoing reasons, the Court grants Walmart's Motion for Summary Judgment [32].

_____
Virginia M. Kendall
United States District Judge

Date: September 22, 2025

13